# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EDDIE MAYS,                                   )
                                              )
                    **Plaintiff,**            )
                                              )        **CIVIL ACTION**
**v.**                                        )
                                              )        **No. 11-2630-KHV**
**UPS,**                                      )
                                              )
                    **Defendant.**            )
_____ )

## MEMORANDUM AND ORDER

Plaintiff brings suit against the UPS Pension Plan to recover disability benefits under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.  Plaintiff is a former employee of UPS who applied for disability benefits from the Central States Southeast and Southwest Areas Pension Fund ("Central States") in May of 2002.  (Doc. #19-3)  Central States denied his application, and plaintiff thereafter went through a series of contacts with Central States, the UPS Pension Plan, and the UPS/IBT Full-Time Employee Pension Plan in an effort to determine which employee benefit plan provided his coverage.  (Id.)   This matter is before the Court on defendant's Motion to Dismiss (Doc. #18) filed March 8, 2012.  For the following reasons the Court overrules defendant's motion.

Defendant argues that plaintiff's complaint fails to state a claim upon which relief can be granted under  Fed. R. Civ. P. 12(b)(6).  Specifically, defendant argues that plaintiff's complaint is barred by the doctrine of *res judicata* arising out of plaintiff's 2008 lawsuit against the same defendant to recover disability benefits.  See Case No. 08-2655.  Under 28 U.S.C. § 1915(e), the Honorable Eric F. Melgren dismissed plaintiff's 2008 complaint for failure to state a claim upon which relief could be granted.  Id. Doc. #8.  Judge Melgren's order of dismissal accepted and

adopted the recommended decision of a magistrate judge who concluded that plaintiff's pro se complaint did not allege sufficient facts to give defendant fair notice of the basis of the claims against it.  Id. Doc. #6.

Although plaintiff's 2008 complaint sought to recover disability benefits, it made no mention of ERISA.  Rather, plaintiff referred to his EEOC claim and attached copies of claims which he had filed with the Illinois Department of Human Rights and the Georgia Commission on Equal Opportunity, as well as his EEOC dismissal and right-to-sue letter.  (Case No. 08-2655, Doc. #1) Plaintiff also moved to proceed without prepayment of fees, and in that sealed motion he listed Title VII, the Americans with Disabilities Act and the Age Discrimination in Employment Act as the bases for his claim.  After requiring plaintiff to supplement his pro se complaint so that the court could determine its sufficiency, the magistrate judge ultimately construed the complaint as alleging age discrimination and concluded that plaintiff had not exhausted his administrative remedies.  (Case No. 08-2655, Doc. #6) Citing the alleged denial of benefits in either January of 2000 or January of 2002, the magistrate judge also concluded that, "assuming Plaintiff is seeking relief under [ERISA], the relevant statute of limitations would also bar these claims."  (Id.)

Plaintiff filed another pro se complaint on May 13, 2010, naming the UPS/IBT Plan as defendant and stating that he was seeking disability benefits from that plan and citing ERISA as the jurisdictional basis for his claim.  (Case No. 10-2281, Doc. #1).  Again, the magistrate judge required plaintiff to supplement his pro se complaint, this time to determine whether plaintiff was raising the same cause of action as in Case No. 08-2655.  (Case No. 10-2281, Doc. #5).  Plaintiff filed a supplement, stating that the 2008 case was based on employment discrimination, whereas his 2010 case was based on ERISA. (Case No. 10-2281, Doc. #11). Plaintiff filed a second supplement,

pointing out that on August 27, 2007 he received a denial of benefits and notice of right to sue from the UPS Pension Plan, and stating that "I hope this shows that I'm still within my five-year statute of limitations for ERISA claims." (Case No. 10-2281, Doc. #12). On July 7, 2010, plaintiff filed a notice of dismissal (Doc. #15), and on the following day the court dismissed his case without prejudice. (Doc. #16).

Both parties have attached to their pleadings and motions many pieces of correspondence between plaintiff and various employee benefit plans. These documents call into question whether a claim against the UPS Plan was ripe in 2008, and affirmatively show that plaintiff did not exhaust administrative remedies earlier than 2007. Moreover, his 2008 complaint sought relief under federal discrimination statutes and not under ERISA. Accordingly, on a Rule 12(b)(6) motion, the Court does not find that plaintiff's complaint is barred by the doctrine of *res judicata*. The Court therefore overrules defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion to Dismiss</u> (Doc. #18) filed March 8, 2012 be and hereby is **OVERRULED**.

Dated this 16th day of May, 2012, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge